COVERT CROSS

*v.*

T.HE PRINTING CORPORATION (a Maryland corporation).

[Decided August 31st, 1918.]

1. A receiver of a foreign corporation, whether appointed under the statute or the general equity power of the court, may, in the right of creditors, attack a chattel mortgage for defects in recording.

2. An affidavit annexed to a chattel mortgage reciting merely that the consideration is so much money is fatally defective and the mortgage is invalid as against a receiver of a foreign corporation.

3. When goods are purchased by a corporation for its use and are delivered to it but paper title lodged for an instant in the name of an agent of the corporation who gives a chattel mortgage to the vendor, all with the knowledge of the vendor, the chattel mortgage is void as against the creditor of the corporation, the agent never having any present interest, actual or potential, in the goods.

On bill, &c.

*Mr. Joseph Kraemer,* for the complainant and receiver.

*Mr. George Porter* (of the New York bar), for the estate of Daniel H. Tolman.

*Mr. Nathan Erlich,* for Louis Modell.

*Messrs. Hartshorne, Insley & Leake* (*Mr. John O. Mullen*), for Conner Fendler & Company.

LANE, V. C.

The question to be determined is the validity of two chattel mortgages, one purporting to be made by the Printing Corporation to Daniel H. Tolman, dated December 31st, 1917, to secure the sum of $1,200; the other purporting to be made by A. E.

Sumner to Conner Fendler & Company, dated March 15th, 1918, to secure the sum of $570. The validity of the respective mortgages is challenged by the receiver of the Printing Corporation as well as by Modell, a judgment creditor of A. E. Sumner and the Printing Corporation. The receiver was appointed under the statute. The corporation is a foreign corporation. I think that he was properly appointed under the statute (*Atwater* v. *Baskerville, 88 N. J. Eq. 121,* and *Dolan* v. *Universal Fire Brick Co., 88 N. J. Eq. 138*), and that he may attack the chattel mortgage in the right of creditors. *Graham* v. *Speilmann, 50 N. J. Eq. 120*. Even if it be assumed that he was appointed under the general equity power of the court, I think he may attack the chattel mortgages upon the reasoning of *Brockhurst* v. *Cox, 71 N. J. Eq. 703; affirmed, 72 N. J. Eq. 950*.

I will deal with the Tolman mortgage first. The affidavit of consideration recites merely that the true consideration of the mortgage is the sum of $1,200. This is fatally defective, under the Chattel Mortgage act. *1 Comp. Stat. p. 463 § 4; Ehler* v. *Turner, 35 N. J. Eq. 68; Collerd* v. *Tully, 77 N. J. Eq. 439; affirmed, 78 N. J. Eq. 557*. The chattel mortgage is therefore void against the receiver.

The claim of the Tolman estate will be allowed as a general claim for the amount actually advanced by Tolman to the corporation. The amount of the usury or bonus will be deducted, and for this reason. The loan was authorized at a meeting of the board of directors. The meeting was not properly called. One of the directors was not notified. While the corporation is liable, I think, for the amount of money actually received by it, and expended for its benefit, I do not think it is liable for the usury. Payment of the bonus would be justified only by express contract and there is no evidence from which I can find that Sumner was authorized either expressly or impliedly to make such a contract.

With respect to the claim of the Conner Fendler & Company, I find the facts to be that arrangements were made between a representative of Conner Fendler & Company and Sumner for the purchase of certain goods; that it was contemplated by both parties that the goods should be purchased by the corporation; that

Conner Fendler & Company knew that the goods were to be installed in the plant of the corporation; that at the last minute the suggestion was made by the representative of Conner Fendler & Company that the goods should be sold in the name of Sumner and that Sumner should give the chattel mortgage. The chattel mortgage was dated March 15th, 1918, and was not recorded until April 15th, 1918. There is no doubt but that the chattel mortgage is invalid as against all creditors of Sumner who had claims existing at the time of the record of the chattel mortgage —April 15th, 1918. *Roe* v. *Meding, 53 N. J. Eq. 350; Brockhurst* v. *Cox, supra; Wilkinson, Gaddis & Co.* v. *Bohlen, 88 N. J. Law 680.* But with the creditors of Sumner I have no concern.

I find that although the goods were nominally purchased in the. name of Sumner, they were actually purchased with the knowledge of all parties by and for the corporation; that Sumner acted as the agent of the corporation at the time he purchased the goods and at the time he gave the chattel mortgage; that the chattel mortgage not being given in the name of the corporation is invalid as against its creditors. To permit parties to purchase goods and to have apparent legal title lodged for an instant of time in an agent, and have that agent give a chattel mortgage, which, upon being recorded, would be valid, as against creditors of the purchaser would open the door to fraud, and would in effect nullify the recording provisions of the Chattel Mortgage act. The goods sold never were the property of Sumner, but were from the time of purchase the property of the corporation. Sumner never had a present property either actual or potential in the things mortgaged. *Looker* v. *Peckwell, 38 N. J. Law 253; Smithhurst* v. *Edmunds, 14 N. J. Eq. 408; Cumberland National Bank* v. *Baker, 57 N. J. Eq. 231.*

The question as to the ownership of these goods as effecting the rights of Modell has also been submitted to me and the foregoing disposes of this feature of the case.

The claim of the Conner Fendler & Company will be allowed as a general claim against the assets of the corporation.

I will advise an order in accordance with foregoing conclusions. Settle order on three days' notice.